*344 O’Neill, J.
{¶ 1} On the first day of a nonjury felony trial, during the testimony of the first witness, the trial court became aware that the state had failed to disclose to the defendant some evidence related to the case. The record is clear that the discovery violation was unintentional. The court noted that the undisclosed evidence “could be inculpatory or exculpatory,” but it never made a finding one way or the other. On motion by the defense, the court declared a mistrial and dismissed the charges with prejudice. The appellate court affirmed, concluding that the trial court had not abused its discretion. For the reasons that follow, we hold that the failure of the trial court to explore whether a less severe sanction was appropriate was an abuse of discretion. We accordingly reverse the judgment of the court of appeals and remand this cause to the trial court for further proceedings.
{¶ 2} In its analysis, the appellate court considered Lakewood v. Papadelis, 32 Ohio St.3d 1, 511 N.E.2d 1138 (1987), which held that when contemplating a sanction for a discovery-rule violation, a trial court must conduct an inquiry into the surrounding circumstances and “must impose the least severe sanction that is consistent with the purpose of the rules of discovery.” Id. at paragraph two of the syllabus. The appellate court distinguished Lakewood from this case on the basis that Lakewood involved a discovery violation committed by a defendant rather than by the state.
{¶ 3} The appellate court then certified a conflict on that issue because other appellate courts have applied Lakewood to cases involving discovery violations committed by the state. We accepted the conflict for review and also accepted the state’s discretionary appeal.
{¶ 4} We conclude that under the current discovery rules, Lakewood applies to all discovery violations, including those committed by the state. A contrary holding would be at odds with this court’s repeated guidance that trials are to be conducted on a level playing field and Crim.R. 16’s requirement that remedies for discovery violations apply to the defense and the prosecution equally. We therefore answer the certified question in the affirmative.
I. Facts and Procedural History
{¶ 5} The two defendants-appellees in this case, Demetrius Darmond and Iris Oliver, were jointly indicted in August 2010 on felony charges of trafficking in *345 drugs and possession of drugs, with specifications, and with additional charges as to Darmond. Both defendants pled not guilty and waived their right to a jury trial, electing instead to be tried by a judge. The state and the defendants (represented by separate counsel) engaged in reciprocal discovery upon the defendants’ demands for discovery pursuant to Crim.R. 16, and the case proceeded to a bench trial.
{¶ 6} After the parties’ opening statements, the state called its first witness, a special agent with the Ohio Bureau of Criminal Identification and Investigation (“BCI”). The BCI agent testified that on March 13, 2010, she was on package-interdiction duty at a FedEx facility after receiving a tip from law-enforcement authorities. She testified that she had discovered three suspicious packages that day, all sent from Arizona, that were similar to each other. After a drug-sniffing dog alerted to the packages, she obtained search warrants, opened the packages, and found marijuana inside. The packages were addressed to three different people at three different addresses.
{¶ 7} One of those packages, which was addressed to defendant Oliver’s street address but stated a name other than that of any resident of the address as the addressee, was the basis for the indictment in this case. The agent placed the marijuana back in that package and rewrapped it. The package was delivered to Oliver’s address under surveillance by officers of the Cuyahoga County Sheriffs Office, who were accompanied by the BCI agent, on March 16, 2010. Defendant Darmond later arrived at Oliver’s residence and put the package in his car. He was then arrested.
{¶ 8} The special agent was again on package-interdiction duty on March 17, 2010, and discovered four more suspicious packages, all sent from Arizona, that she opened after obtaining warrants. Each contained marijuana. One of those packages was addressed to Oliver’s street address but stated a name other than that of any resident as the addressee. The agent took that package to the Cuyahoga County Sheriffs Office. That package was not delivered to Oliver’s address, because Darmond had been arrested the previous day. The other three packages found on March 17 were addressed to three separate addresses different from any address on any of the other packages the agent had already intercepted.
{¶ 9} The agent prepared separate reports for each of the seven packages. In the report relating to the package that was delivered to Oliver’s address, the agent noted that a second package addressed to Oliver’s residence and containing marijuana had been intercepted on March 17, but other than that, the reports did not mention the other packages. The agent did not have the other reports with her at trial, was not involved with any follow-up investigations that might have taken place on the other five packages, and was able to remember only sketchy *346 details of the police action regarding those packages after she discovered them. As to at least one other package, she believed that a controlled delivery had been made to the address on the package and that an arrest had resulted, but she was unsure of the specifics.
{¶ 10} The record clearly supports the fact that the assistant prosecuting attorney handling the case and both defense attorneys were unaware of the other five packages prior to the BCI agent’s testimony. In response to the defendants’ pretrial discovery requests, the state had provided the BCI agent’s reports relating to the two packages the prosecutor knew to exist and also provided other information. After several sidebars during the agent’s testimony, the defense attorneys moved the trial court to dismiss the case with prejudice due to the state’s failure to disclose prior to the trial the interception of the five additional packages and the reports regarding them.
{¶ 11} The defense attorneys renewed the motion to dismiss after the agent completed her testimony, arguing that the undisclosed information was exculpatory and that dismissal was the only remedy. In response, the prosecutor asserted that the undisclosed packages were not exculpatory evidence. He also emphasized that neither he nor the BCI agent had been trying to hide anything.
{¶ 12} After a one-hour recess, the parties conducted discussions off the record, and the case then resumed on the record. The prosecutor again argued in opposition to the motions to dismiss that it was not clear that the undisclosed packages were exculpatory, and he suggested that they may have instead been inculpatory because further investigation may have shown them to be evidence implicating the defendants in a scheme to distribute drugs.
{¶ 13} After the defense attorneys again pressed for dismissal with prejudice, the trial court reviewed the details of the situation. The court noted that the undisclosed evidence “could be inculpatory or exculpatory” and then stated that the full details regarding all seven packages and what occurred in the aftermath of their discovery should have been supplied to the defense. The court concluded the proceedings by declaring a mistrial and dismissing the case with prejudice, barring the state from further indicting the defendants.
{¶ 14} The Eighth District Court of Appeals affirmed, holding that the trial court had not abused its discretion. State v. Darmond, 8th Dist. Nos. 96373 and 96374, 2011-Ohio-6160, 2011 WL 5998671, ¶ 26. In considering the preference expressed in the second syllabus paragraph of Lakewood for imposing the least severe sanction consistent with the purpose of the discovery rules, the appellate court distinguished Lakewood and declined to apply it. Id. at ¶ 15-18. The court in essence interpreted that case’s holding as applying only to cases involving a defendant’s discovery violation and did not extend it to cases involving a discovery violation committed by the state.
*347 {¶ 15} The court of appeals determined that its resolution of the case conflicted with the decisions of the Third Appellate District in State v. Engle, 166 Ohio App.3d 262, 2006-Ohio-1884, 850 N.E.2d 123 (3d Dist.), and the First Appellate District in State v. Siemer, 1st Dist. Nos. C-060604 and C-060605, 2007-Ohio-4600, 2007 WL 2541121. The court of appeals then certified a conflict on the following issue: “Does the holding in Lakewood v. Papadelis, 32 Ohio St.3d 1, 511 N.E.2d 1138 (1987), apply equally to instances where the state has committed a discovery violation?”
{¶ 16} This court determined that a conflict exists and ordered the parties to brief the certified issue (case No. 2012-0195), accepted jurisdiction over the state’s discretionary appeal (case No. 2012-0081), and consolidated the two cases for consideration, 131 Ohio St.3d 1497 and 1498, 2012-Ohio-1501, 964 N.E.2d 438 and 439.
II. Analysis
{¶ 17} Our consideration is guided by Crim.R. 16, which was extensively amended on July 1, 2010. The pertinent provisions for purposes here are Crim.R. 16(A) and 16(L)(1). Crim.R. 16(A) provides:
(A) Purpose, Scope and Reciprocity. This rule is to provide all parties in a criminal case with the information necessary for a full and fair adjudication of the facts, to protect the integrity of the justice system and the rights of defendants, and to protect the well-being of witnesses, victims, and society at large. All duties and remedies are subject to a standard of due diligence, apply to the defense and the prosecution equally, and are intended to be reciprocal. Once discovery is initiated by demand of the defendant, all parties have a continuing duty to supplement their disclosures.
{¶ 18} Crim.R. 16(L)(1) provides:
(L) Regulation of Discovery.
(1) The trial court may make orders regulating discovery not inconsistent with this rule. If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances.
*348 {¶ 19} The overall objective of the criminal rules “ ‘is to remove the element of gamesmanship from a trial.’ ” Lakewood, 32 Ohio St.3d at 3, 511 N.E.2d 1138, quoting State v. Howard, 56 Ohio St.2d 328, 333, 383 N.E.2d 912 (1978). The purpose of the discovery rules “is to prevent surprise and the secreting of evidence favorable to one party.” Id.
A. The Conflict Issue: Does the Holding in Lakewood Apply to Discovery Violations Committed by the State?
{¶ 20} Sanctions for a Crim.R. 16 discovery violation are within the discretion of the trial court and should be imposed equally, without regard to the status of the offending party. The state has conceded that it should have disclosed the existence of the other five packages prior to the trial pursuant to Crim.R. 16 and therefore does not contest the trial court’s conclusion that a discovery violation occurred. The state asserts that the trial court’s order of dismissal with prejudice was flawed because the trial court failed to consider whether less severe sanctions were appropriate given the circumstances. We agree.
{¶ 21} In Lakewood, the defendant committed a discovery violation by failing to turn over his witness list to the city, and as a sanction, the trial court excluded the testimony of all the defendant’s witnesses. 32 Ohio St.3d at 2, 511 N.E.2d 1138. In reviewing the propriety of the sanction, this court first noted that the effect of the sanction was to deny the defendant his Sixth Amendment right to present a defense. Id. at 4. This court then adopted the rationale of courts in other jurisdictions that had reviewed similar situations and held that a trial court must inquire into the circumstances surrounding a discovery violation, must balance the competing interests, and “must impose the least severe sanction that is consistent with the purpose of the mies of discovery.” (Emphasis added.) Id. at 5 and at paragraph two of the syllabus.
{¶ 22} Lakewood mentions several factors to be considered in the balancing test: the extent of surprise or prejudice to the state if the testimony were allowed, the impact that excluding the testimony would have on the trial, whether the violation was willful or in bad faith, and the effectiveness of less severe sanctions. Id. at 5.
{¶ 23} A number of Ohio appellate courts, including the courts that issued the judgments certified as being in conflict with the appellate court’s judgment in this case, have determined that Lakewood applies to discovery violations committed by the state just as it applies to discovery violations committed by the defense. For example, in Siemer, 2007-Ohio-4600, 2007 WL 2541121, at ¶ 9, the First District recognized that the balancing test in Lakewood was created in the *349 context of a defendant’s discovery violation, but concluded that the holding in Lakewood is “equally applicable to cases involving discovery violations committed by the state.” The Siemer court cited a number of decisions, from the majority of Ohio’s appellate districts, in support of that conclusion. Id.
{¶ 24} In Engle, 166 Ohio App.3d 262, 2006-Ohio-1884, 850 N.E.2d 123, the Third District applied Lakewood to reverse a trial court’s decision dismissing the charges against the defendant as the sanction for a discovery violation committed by the state. The Engle court observed that the trial court had failed to determine “whether a less severe sanction would be appropriate” and failed to “properly balance the need to impose a sanction with the purpose of the discovery rules.” Id. at ¶ 10.
{¶ 25} The appellate court in this case, however, declined to apply Lakewood because this case involved a discovery violation by the state, not a defendant. In so doing, the court relied on precedent from its district: State v. Jones, 183 Ohio App.3d 189, 2009-Ohio-2381, 916 N.E.2d 828 (8th Dist.). Jones reasoned that Lakewood should not be applied in cases involving the state’s failure to provide discovery, because Lakeivood was primarily concerned with the accused’s ability to present a defense. Jones at ¶ 12, citing State v. Crespo, 7th Dist. No. 03 MA 11, 2004-Ohio-1576, 2004 WL 615705, ¶ 11 (“the holding in Lakewood is not directly applicable in cases where sanctions are imposed upon the prosecution”).
{¶ 26} We recognize that the analysis in Lakeivood was driven to a large extent by the consideration that the sanction imposed by the trial court effectively deprived the defendant of his Sixth Amendment right to present a defense. However, we do not agree that this consideration prevents the application of Lakewood to a case in which it is the state that has committed a discovery violation.
{¶ 27} In State v. Parker, 53 Ohio St.3d 82, 86, 558 N.E.2d 1164 (1990), which involved a discovery violation committed by the state, this court cited Lakewood, 32 Ohio St.3d at 5, 511 N.E.2d 1138, with approval for the propositions that a trial court must inquire into the circumstances of the alleged violation of Crim.R. 16 and must impose the least severe sanction consistent with the purpose of the discovery rules. Parker strongly supports the state’s position on the certified issue.
{¶ 28} Even if Parker left room for debate regarding whether Lakeivood applies to discovery violations committed by the state, the 2010 amendments to Crim.R. 16 removed any doubt. Current Crim.R. 16 essentially places the state and a criminal defendant who has filed a discovery demand on equal footing as a trial court contemplates the imposition of the appropriate sanction for a discovery violation.
*350 {¶ 29} Current Crim.R. 16(A) applies to “all parties in a criminal case,” and “all duties and remedies ” of the rule apply “to the defense and the prosecution equally” and are “intended to be reciprocal.” (Emphasis added.) The Staff Notes to the 2010 amendment to Division (A) of Crim.R. 16 state that the purpose of the revisions “is to provide for a just determination of criminal proceedings and to secure the fair, impartial, and speedy administration of justice.” To that end, the Staff Notes point out, the current rule “expands the reciprocal duties in the exchange of materials” and “balances a defendant’s constitutional rights with the community’s compelling interest in a thorough, effective, and just prosecution of criminal acts.”
(¶ 30} In Lakewood, this court viewed the sanction imposed by the trial court as extremely severe because it effectively deprived the defendant of the ability to present a defense, and the court therefore held that the sanction should not have been imposed without the trial court’s first weighing and rejecting the feasibility of less severe sanctions. In the same way, the sanction of dismissal with prejudice in this case is extremely severe because it forecloses the possibility of further prosecution; such a sanction should not be imposed without a trial court’s specifically weighing and rejecting the feasibility of less severe sanctions.
{¶ 31} Crim.R. 16’s emphasis on equal and reciprocal treatment of parties clarifies that the strong preference expressed in Lakewood for imposing the least severe sanction that will further the purposes of the discovery rules is a critical consideration that must be taken into account in any criminal case before a severe sanction is imposed for a discovery violation. We accordingly conclude that Lakewood applies to discovery violations committed by the state, and we therefore answer the certified question in the affirmative.
B. Did the Trial Court Abuse Its Discretion?
{¶ 32} Having determined that Lakewood applies in this case, we next consider whether the trial court abused its discretion in dismissing the case with prejudice.
{¶ 33} As we observed in State v. Parson, 6 Ohio St.3d 442, 445, 453 N.E.2d 689 (1983), a trial court has discretion in determining a sanction for a discovery violation. This long-standing principle continues in force after the recent amendments to Crim.R. 16. Crim.R. 16(L)(1) is identical to former Crim.R. 16(E)(3) in detailing a trial court’s authority to issue orders in the wake of a party’s failure to comply with discovery obligations, and in particular provides that the trial court may issue any order “it deems just under the circumstances.” 34 Ohio St.2d lvii. See also Staff Notes to 2010 amendment to Division (L) of Crim.R. 16 (“The trial court continues to retain discretion to ensure that the provisions of the rule are followed. This discretion protects the integrity of the criminal justice process while protecting the rights of the defendants, witnesses, victims, and society at large”).
*351 {¶ 34} A trial court abuses its discretion when it makes a decision that is unreasonable, unconscionable, or arbitrary. State v. Adams, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980). An abuse of discretion includes a situation in which a trial court did not engage in a “ ‘sound reasoning process.’ ” State v. Morris, 132 Ohio St.3d 337, 2012-Ohio-2407, 972 N.E.2d 528, ¶ 14, quoting AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp., 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). Abuse-of-discretion review is deferential and does not permit an appellate court to simply substitute its judgment for that of the trial court. Id.
{¶ 35} In Parson, 6 Ohio St.3d 442, 453 N.E.2d 689, we established three factors that should govern a trial court’s exercise of discretion in imposing a sanction for a discovery violation committed by the prosecution. The three Parson factors a judge should consider are (1) whether the failure to disclose was a willful violation of Crim.R. 16, (2) whether foreknowledge of the undisclosed material would have benefited the accused in the preparation of a defense, and (3) whether the accused was prejudiced. Id. at syllabus. See also State v. Hale, 119 Ohio St.3d 118, 2008-Ohio-3426, 892 N.E.2d 864, ¶ 115.
{¶ 36} Several of the factors discussed in Lakewood are similar to those expounded in Parson, including the degree of prejudice to the opposing party and whether the violation was willful or in bad faith. See Lakewood, 32 Ohio St.3d at 5, 511 N.E.2d 1138.
{¶ 37} The application of the three Parson factors to this case is unclear. The record definitively shows that the discovery violation here was not willful, but was instead unintentional. However, as to the second and third factors, in light of the trial court’s stated acknowledgement that it was not possible to ascertain whether the undisclosed information was exculpatory or inculpatory, it is not at all clear that foreknowledge of the information would have benefited the defense or that there was prejudice.
{¶ 38} In addition to the Parson factors, Lakewood also focused on the effectiveness of less severe sanctions as an important factor in the balancing test. Id. at 5. The trial court did not indicate that it had considered whether a less severe sanction than a dismissal with prejudice would have accomplished the purposes of the discovery rules. While the trial court’s decision was generally in accord with earlier holdings by the Eighth District, which declined to apply Lakeivood to discovery violations committed by the state, those holdings are clearly at odds with the mandates of current Crim.R. 16. To the extent that this position may have been justifiable under former Crim.R. 16, the current rule makes clear that that is no longer the proper view.
{¶ 39} The state opposed the defendants’ motions to dismiss on several grounds, including that the evidence that was not disclosed was not particularly *352 material to the defendants’ case and that there was a substantial possibility that the undisclosed evidence could have been inculpatory rather than exculpatory. Although it would have been helpful for the state in opposing the dismissal motions to offer the trial court specific alternatives to dismissal with prejudice, the trial court nevertheless should not have dismissed this case with prejudice without first giving the parties the opportunity to develop the record regarding the other packages and then weighing the relevant factors.
{¶ 40} Although we are not mandating a specific procedural course of conduct in this case, we note that rather than dismissing the case with prejudice, the trial court could have continued the case to allow further inquiry into the details regarding the other packages. See Lakewood, 32 Ohio St.3d at 5, 511 N.E.2d 1138 (a continuance should be ordered if it is feasible and would allow for an opportunity to minimize any surprise or prejudice caused by the discovery violation). This was a bench trial, and the defendants were out on bond. Clearly, a continuance to clear up the facts of the discovery violation would have been a feasible alternative.
{¶ 41} Based upon the above analysis, we conclude that the trial court abused its discretion. We emphasize that we do not hold that a discovery violation committed by the state can never result in the dismissal with prejudice of a criminal case. That option remains available when a trial court, after considering the factors set forth in Parson and in Lakewood, determines that a lesser sanction would not be consistent with the purposes of the criminal discovery rules.
III. Conclusion
{¶ 42} For all the foregoing reasons, we hold that the holding in Lakewood, 32 Ohio St.3d 1, 511 N.E.2d 1138, paragraph two of the syllabus, that “[a] trial court must inquire into the circumstances surrounding a discovery rule violation and, when deciding whether to impose a sanction, must impose the least severe sanction that is consistent with the purpose of the rules of discovery” applies equally to discovery violations committed by the state and to discovery violations committed by a criminal defendant. Applying that holding to this case, we determine that the trial court abused its discretion.
(¶ 43} We therefore reverse the judgment of the court of appeals and remand the cause to the trial court for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
O’Connor, C.J., and O’Donnell, Lanzinger, Kennedy, and French, JJ., concur.
Pfeifer, J., dissents.