[Cite as *State v. Hassinger*, 2014-Ohio-3214.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| RYAN C. HASSINGER | : | Case No. 13-COA-038 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:           Appeal from the Municipal Court,
                                   Case No. 13-CRB-1046


JUDGMENT:                          Affirmed


DATE OF JUDGMENT:                  July 22, 2014


APPEARANCES:

For Plaintiff-Appellee                      For Defendant-Appellant

ANDREW N. BUSH                              RYAN C. HASSINGER, Pro Se
1213 East Main Street                       419 Luther Street
Ashland, OH  44805                          Ashland, OH  44805

*Farmer, J.*

{¶1}   On September 28, 2013, appellant, Ryan Hassinger, was charged with one count of disorderly conduct in violation of Ashland Municipal Ordinance 509.03(a)(1).  Said charge arose from an incident wherein appellant and his estranged wife, Tara Hassinger, engaged in a tugging match over their six year old child.  The child's arm was red, scratched, and swollen.

{¶2}   A bench trial commenced on October 24, 2014.  The trial court found appellant guilty as charged, and ordered him to pay a fine of $150.00 plus court costs.

{¶3}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶4}   "THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DENIED THE APPELLANTS MOTION TO DISMISS AFTER THE APPELLEE FAILED TO HAVE THE APPELLANT ARRAIGNED WITHIN THE TIMELINE PROVIDED BY ASHLAND MUNI R. 5."

II

{¶5}   "THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DENIED THE APPELLANTS MOTION TO DISMISS WHEN THE APPELLEE FAILED TO PROVIDE REQUESTED DISCOVERY IN A TIMELY MANNER."

III

{¶6}   "THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FOUND THAT THE APPELLANT'S ALLEGED REFUSAL TO RELEASE HIS CHILD CONSTITUTED VIOLENT OR TURBULENT BEHAVIOR."

IV

{¶7}  "THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT IMPROPERLY WEIGHTED THE TESTIMONY OF THE APPELLEE'S WITNESSES AFTER THE EVIDENCE CLEARLY SHOWS MULTIPLE INCONSISTENCIES BETWEEN THEIR TESTIMONY, AND THEIR PREVIOUS STATEMENTS."

V

{¶8}  "THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FOUND THAT THE APPELLEE'S OCTOBER 23, 2013 MOTION TO QUASH SUBPOENAS MET THE PRIMA FACIE REQUIREMENT AND REQUIRED THE APPELLANT TO DIVULGE INFORMATION PRIVILEGED UNDER THE WORK PRODUCT DOCTRINE UNDER DURESS."

I

{¶9}  Appellant claims the trial court erred in denying his October 7, 2013 motion to dismiss based on an untimely arraignment under Loc.R. 5 of the Ashland Municipal Court.  We disagree.

{¶10}  "We review a trial court's decision on a motion to dismiss with a de novo standard of review.  *State v. Walker,* 10th Dist. No. 06AP–810, 2007-Ohio-4666, 2007 WL 2633791, ¶ 9-10.  A de novo standard of review affords no deference to the trial court's decision, and the appellate court independently reviews the record.  *Id.*"  *State v. Romage,* 10th Dist. Franklin No. 11AP-822, 2012-Ohio-3381.

{¶11}  Loc.R. 5 of the Ashland Municipal Court states in part: "When a law enforcement officer either arrests or issues a citation or summons to a person being charged with a violation of the law, the arraignment of that person shall be set no later

than eight (8) days from the date the Defendant receives his or her citation or summons."

{¶12} It is undisputed that appellant was cited to appear on October 11, 2013, thirteen days after the issuance of the citation on September 28, 2013. Appellant was actually arraigned on October 7, 2013, nine days after the issuance of the citation. In his October 7, 2013 motion to dismiss, appellant did not cite to any prejudice to him because of the delayed arraignment. From our review of the docket and appellant's various motions and subpoenas, we find no prejudice in the technical failure to hold the arraignment on the ninth day.

{¶13} Assignment of Error I is denied.

II

{¶14} Appellant claims the trial court erred in denying his October 22, 2013 motion to dismiss based on discovery violations. We disagree.

{¶15} A trial court's decision on discovery violations is reviewed under an abuse of discretion standard. *State v. Darmond,* 135 Ohio St.3d 343, 2013-Ohio-966. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *State v. Adams,* 62 Ohio St.2d 151 (1980).

{¶16} Crim.R. 16 governs discovery and inspection. Subsection (L)(1) states the following:

> The trial court may make orders regulating discovery not inconsistent with this rule. If at any time during the course of the

proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances.

{¶17} The time for preparation for trial was short given the mandates of the speedy trial statute for minor misdemeanors (thirty days). R.C. 2945.71(A). Appellant was arraigned on October 7, 2013 and a pre-trial was set for the same date. A trial date was then set for October 24, 2013. On October 18, 2013, appellant filed a request for sanctions for the state's failure to comply with his discovery request of October 7, 2013. That discovery request was not a formal Crim.R. 16 discovery request, but a "Motion for an Order to Release Evidence," requesting the production of an audio recorder seized by the police. As a result of appellant's sanction motion, on October 19, 2013, the trial court ordered the state to provide discovery and return the "digital device" by 1:00 p.m.[1]

{¶18} We fail to find the trial court's resolution of the discovery issue to be an abuse of discretion. Only two witnesses testified at trial for the state, Ms. Hassinger and her stepfather. We find no prejudice to appellant.

{¶19} Assignment of Error II is denied.

---

[1]Pursuant to Fifth Dist. App.R. 9(A)(1)(a), appellant failed to have the jacketed handwritten orders of the trial court reduced to print. The notations are barely legible.

III, IV

{¶20} Appellant claims the trial court erred in finding him guilty of disorderly conduct as the evidence did not establish that his actions constituted violent or turbulent behavior and Ms. Hassinger's testimony was not credible.  We disagree.

{¶21}  On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."  *State v. Martin,* 20 Ohio App.3d 172, 175 (1st Dist.1983).   See also, *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52.   The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."  *Martin* at 175.  We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact.  *State v. Jamison,* 49 Ohio St.3d 182 (1990).   The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page."  *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 1997-Ohio-260.

{¶22}  Appellant was convicted of violating Ashland Municipal Ordinance 509.03(a)(1) which states: "No person shall recklessly cause inconvenience, annoyance or alarm to another by doing any of the following: Engaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior."

{¶23}  The trial court was confronted with two distinct versions of appellant's actions during the incident, the testimony of Ms. Hassinger and her stepfather, David

Franklin, versus the testimony of appellant and his girlfriend, Mary Goon. At the conclusion of the trial, the trial court chose to believe that appellant caused "inconvenience, annoyance, or alarm" and engaged in "violent or turbulent behavior" (T. at 141-142, 143):

> And you don't have to prove anything here today. The burden of proof lies entirely with the State. So I have to decide if they proved those elements. And by your own admission there clearly was annoyance, inconvenience, or alarm certainly to Mrs. Hassinger. I am finding for the record the State has proven there was also annoyance, inconvenience, or alarm to your daughter [R.], and that's readily apparently from that audio tape.
>
> ***
>
> You certainly weren't as loud as she was. You certainly weren't as annoying as she seemed to be. But you did approach, you did instigate the situation. You did apparently, by all the testimony, grab the child's arm. And I understand your position that you have a legal right to do that. I don't agree with you that you have a legal right to continue to hold on to it to the extent that it causes injury. So I am finding that you engaged in violent or turbulent behavior by continuing to hold on to that arm when it should have been apparent to anyone there that there was harm being caused, and that doing so was reckless.

Therefore, I am finding that you engaged in violent or turbulent behavior by continuing to grasp that arm. And I'm finding that in doing so you caused inconvenience, annoyance, or alarm to both your wife and your daughter.

{¶24} We are not the trier of facts. The trial court observed, heard, and evaluated each witness. Upon review, we find sufficient credible evidence to support the trial court's findings, and no manifest miscarriage of justice.

{¶25} Assignments of Error III and IV are denied.

V

{¶26} Appellant claims the trial court erred in finding the state's motion to quash defendant's request for subpoenas met the prima facie requirement, requiring appellant to reveal privileged information under duress in violation of the work product rule. We disagree.

{¶27} On October 23, 2013, the state filed a motion to quash appellant's request for subpoenas. A hearing was held same day. By judgment entry filed October 24, 2013, the trial court granted in part and denied in part the state's motion.

{¶28} Pursuant to Crim.R. 16(J)(1), "work product" includes, but is not limited to, "reports, memoranda, or other internal documents made by the prosecuting attorney or defense counsel, or their agents in connection with the investigation or prosecution or defense of the case."

{¶29} In this age of the Modern Courts Amendments, the purpose of the modern discovery process is to not try cases by abuse [Crim.R. 16(A)]:

**(A) Purpose, Scope and Reciprocity.** This rule is to provide all parties in a criminal case with the information necessary for a full and fair adjudication of the facts, to protect the integrity of the justice system and the rights of defendants, and to protect the well-being of witnesses, victims, and society at large. All duties and remedies are subject to a standard of due diligence, apply to the defense and the prosecution equally, and are intended to be reciprocal. Once discovery is initiated by demand of the defendant, all parties have a continuing duty to supplement their disclosures.

{¶30} Under Evid.R. 104(A), questions of relevancy are preliminary matters to be determined by the trial court. "Relevant evidence" is described in Evid.R. 401 as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 402 further provides that irrelevant evidence is inadmissible:

All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by the Constitution of the State of Ohio, by statute enacted by the General Assembly not in conflict with a rule of the Supreme Court of Ohio, by these rules, or by other rules

prescribed by the Supreme Court of Ohio.  Evidence which is not relevant is not admissible.

{¶31}  Under Crim.R. 17(C), a trial court, upon the filing of a motion to quash, may quash or modify the subpoena if compliance would be unreasonable or oppressive. The trial court held a hearing and inquired about the requested subpoenas to determine relevancy and whether compliance would be unreasonable or oppressive.  Upon review, we fail to find appellant was in any way prejudiced by the trial court's handling of the motion.

{¶32}  Assignment of Error V is denied.

{¶33}  The judgment of the Municipal Court of Ashland County, Ohio is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Baldwin, J. concur.


SGF/sg 618