[Cite as *Toledo v. Strickland*, 2016-Ohio-8385.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

City of Toledo

    Appellant

v.

Dwayne Nigel Strickland

    Appellee

Court of Appeals No. L-16-1001

Trial Court No. CRB-15-15186

**DECISION AND JUDGMENT**

Decided: December 23, 2016

* * * * *

David Toska, City of Toledo Chief Prosecutor, and
Henry Schaefer, Assistant Prosecutor, for appellant.

Lawrence A. Gold, for appellee.

* * * * *

**OSOWIK, J.**

{¶ 1} This is a state appeal from a December 28, 2015 judgment of the Toledo Municipal Court, striking the testimony of appellant's sole witness in response to the commission of a fundamental discovery violation by appellant. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 2} Appellant, the city of Toledo, sets forth the following sole assignment of error:

> 1. THE TRIAL COURT ERRED WHEN IT STRUCK THE TEST[E]MONY OF OFFICER SCOTT.

{¶ 3} The following undisputed facts are relevant to this appeal. On October 7, 2015, defendant Dwayne Strickland was operating a motor vehicle in the vicinity of Central Avenue and Stickney Avenue in Toledo. The defendant encountered a Toledo police officer at that location. The Toledo police officer was wearing a body camera equipped with both video and audio at the time of the incident. The officer's equipment recorded the interaction with the defendant. The recordings have not been reviewed and are not part of the record in this matter. The fact that the independent recordings, which reflect the truth of what transpired, are not part of the record constitutes the fundamental issue in this case.

{¶ 4} The defendant maintains that he was subjected to police brutality during the incident. Conversely, the officer maintains that the defendant resisted arrest. Again, the incident was captured and recorded, with both audio and video, by the officer's body camera. The content of the recordings remains unknown.

{¶ 5} On October 7, 2015, defendant was charged with one count of carrying a concealed weapon, in violation of R.C. 2923.12, one count of resisting arrest, in violation of R.C. 2921.33, along with several minor traffic offenses.

2.

**{¶ 6}** On October 14, 2015, counsel was appointed to represent defendant on the above-described pending cases. On December 1, 2015, counsel for defendant filed a written request with appellant for discovery to be provided pursuant to the discovery rules set forth in Crim.R. 16.

**{¶ 7}** Crim.R. 16(B)(1) establishes in pertinent part, "Upon receipt of a written demand for discovery * * * the prosecuting attorney shall provide copies or photographs, or permit counsel for the defendant to copy or photograph * * * any written or recorded statement by the defendant."

**{¶ 8}** In response to the defendant's official discovery request, appellant provided a copy of the written Toledo police report of the incident reflecting that the arresting officer was wearing a body camera at the time of the arrest. No further discovery materials were provided or offered to be made available for review and/or copying by appellant.

**{¶ 9}** On December 16, 2015, the matter proceeded to trial. Appellant furnished the testimony of a single witness, the arresting officer who had worn the body camera that recorded the events.

**{¶ 10}** Given the failure of the discovery process to enable counsel for the defendant to access and review the body cam video and audio to evaluate the proper defense based upon the recordings, the defendant took the stand himself to refute the testimony of the officer. During his testimony, the defendant stated to the court that the

3.

officer had been wearing a body camera at the time of the incident and that the court could discover the truth by reviewing the recordings.

{¶ 11} Following this revelation at trial by defendant, the trial court recessed to determine the proper course of action. Ultimately, the trial court determined that appellant had committed a discovery violation by failing to furnish the body cam video to counsel for the defendant or take any actions which would have enabled the review of the video by counsel for defendant prior to the defendant electing to take the witness stand in his own defense. The trial court held in pertinent part, "The purpose of the criminal rules is to prevent unfair surprise or trial by ambush. Even unintentional discovery violations have adverse effect. And, in this case, the court feels compelled to strike the testimony of the state's sole witness. No other remedy would mitigate the harm done." This appeal ensued.

{¶ 12} In the sole assignment of error, appellant maintains that the trial court erred in striking the testimony of the arresting officer. In support, appellant suggests that the fact that a copy of the police report reflecting that a body camera was worn by the officer was provided in reply to defendant's Crim.R. 16 discovery motion somehow negates the possibility of a discovery violation in this case. We do not concur.

{¶ 13} Crim.R. 16(B)(1) clearly mandates that any written or recorded statement by a defendant *shall* [emphasis added] be provided or permission furnished for it to be copied or photographed to counsel for the defendant. It is undisputed that this discovery mandate did not occur in this case. It was not provided or made available to counsel for

4.

defendant prior to trial. Accordingly, the defendant elected to testify on his own behalf to refute the officer's testimony.

{¶ 14} The Supreme Court of Ohio delineated in the seminal case of *State v. Darmond*, 135 Ohio St.3d 343, 2013-Ohio-966, 986 N.E.2d 971, that the factors which a trial court must consider in crafting an appropriate discretionary discovery sanction or remedy in response to a violation includes whether the violation was willful, whether the review of the undisclosed materials would have benefited the defendant in preparation for trial, and whether the defendant was prejudiced by the violation.

{¶ 15} In conjunction with this, discovery disputes such as the one underlying this case lie well within the discretion of the trial court and are evaluated pursuant to an abuse of discretion standard of review. An abuse of discretion connotes more than a mere error of law or judgment, it requires demonstration that the trial court's decision was arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 16} In applying these relevant principles to this matter, we find that although the record does not reflect that appellant's failure to comply with Crim.R. 16 was intentional, given the mention of the body camera in the written report that was drafted by appellant's sole witness and the fact that it was subsequently in appellant's possession, it can certainly be construed as neglectful.

{¶ 17} Regardless, the record does reflect the determinative importance to the defendant of having foreknowledge of the content of the video and audio recordings in

preparation for trial and the resultant prejudice to the defendant of taking the witness stand in his own defense without benefit of the foreknowledge of the content of the video and audio recordings.

{¶ 18} Lastly, we note that it is not persuasive for appellant to suggest that requiring appellant to have taken some action in either providing a copy of the video to the defense or offering arrangements for the video to be inspected and copied by the defense somehow constitutes mandating appellant to conduct "hand holding" of appellee in a scenario in which the recordings were made by appellant's sole witness, were referenced in the report created by that witness, is the property of appellant and appellant's witness, and is fundamental to the truth of the matter.

{¶ 19} Given these facts and circumstances, we find that appellant has failed to demonstrate that the disputed trial court discovery sanction in response to appellant's Crim.R. 16 violation was arbitrary, unreasonable or unconscionable.  As such, we find appellant's sole assignment of error not well-taken.

{¶ 20} Wherefore, the judgment of the Toledo Municipal Court is hereby affirmed.  Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.                                   _____

                                                                                    JUDGE

Arlene Singer, J.

                                     _____

Thomas J. Osowik, J.                                           JUDGE
CONCUR.

                                                                                      _____

                                                                                       JUDGE