[Cite as *State v. Banks*, 2021-Ohio-3312.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | Case No. 2020AP080018 |
| | : | |
| SIMEON BANKS | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Tuscarawas County
                                Court of Common Pleas, Case No.
                                2019CR010036

JUDGMENT:                       AFFIRMED

DATE OF JUDGMENT ENTRY:         September 20, 2021

APPEARANCES:

For Plaintiff-Appellee:                 For Defendant-Appellant:

RYAN STYER                              MICHAEL R. PUTERBAUGH
TUSCARAWAS CO. PROSC.                   4096 Holiday St. NW
125 East High Ave.                      Canton, OH 44718
New Philadelphia, OH 44663

*Delaney, J.*

{¶1} Appellant Simeon Banks appeals from the August 19, 2020 Judgment Entry on Sentencing of the Tuscarawas County Court of Common Pleas. Appellee is the state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2} The following evidence is adduced from the record of appellant's jury trial.

{¶3} On October 5, 2018, Ptl. James Miller of the New Philadelphia Police Department observed a red SUV pass his vehicle. Appellant was seated in the front passenger seat and Miller believed appellant had an outstanding felony arrest warrant. Miller followed the SUV to a Speedway gas station where the vehicle stopped and three occupants got out. Miller confirmed the existence of appellant's arrest warrant. In the meantime, appellant returned to the vehicle and got into the driver's seat. A female occupant, later identified as Chasity Arthurs, got into the front passenger seat. The third occupant of the SUV did not return to the vehicle.

{¶4} Appellant drove away from the Speedway parking lot and Miller traffic-stopped the SUV. Miller's cruiser camera captured the traffic stop and the video was played at trial as appellee's Exhibit A. Miller approached the vehicle and had a brief conversation with appellant while he waited for backup to arrive. Upon arrival of backup, Miller removed appellant from the SUV and patted him down. Miller found a small Pyrex container in the front pocket of appellant's hoodie which contained a white substance. Miller testified that appellant said something to the effect of, "Those are my vitamins," or described the substance as "fiber."

{¶5} Miller handed the container to another officer on the scene, Captain Dusenberry, who placed the container on top of the vehicle. Appellee's Exhibit C is a photo of the container found in the pocket of appellant's hoodie during the pat down search; the container is round and has what was described at trial as a "teal" colored lid.

{¶6} Miller proceeded to arrest appellant on the outstanding warrant.

{¶7} Miller brought the container back to his cruiser to secure it and placed it on the floorboard of his vehicle.

{¶8} The third original passenger in the SUV was identified as Christina Radtke. She also had a felony arrest warrant and was eventually located at the Speedway gas station. Miller waited outside a restroom at the gas station and heard two people talking; Arthurs stepped out of the restroom and Radtke remained inside. Radtke was eventually arrested on the warrant. Police searched the restroom trash can and found a green Crown Royale bag containing a small plastic container which appeared to contain drug residue and a pipe. Appellee's Exhibit F is a photo of the green Crown Royale bag and the glass pipe found inside. Appellee's Exhibit B is a photo of the plastic container, residue, and what appears to be a plastic straw. This plastic container is square and has a green lid.

{¶9} The container seized from appellant is listed as Item Number 1 on appellee's Exhibit H, the New Philadelphia Police Department Property Submission Form. The container found in the Crown Royale bag is listed as Item Number 2. The items were placed into evidence and submitted to BCI. A forensic scientist tested the white powder in Item 1 and found it to be methamphetamine in the amount of 9.92 g +/- 0.04 g. Appellee's Exhibit G is the laboratory report from BCI.

{¶10} Appellant was charged by indictment with one count of aggravated drug possession (methamphetamine in an amount equal to or greater than 3 grams) pursuant to R.C. 2925.11(A) and (C)(1)(b), a felony of the third degree. Appellant entered a plea of not guilty and the matter proceeded to trial by jury. Appellant was found guilty as charged. Appellant was sentenced to a prison term of 24 months at a subsequent sentencing hearing.

{¶11} Appellant now appeals from the trial court's judgment entry of sentence dated August 19, 2020.

{¶12} Appellant raises one assignment of error:

**ASSIGNMENT OF ERROR**

{¶13} "THE TRIAL COURT COMMITTED AN ERROR WHEN IT FAILED TO DECLARE A MISTRIAL BASED UPON THE STATE'S FAILURE TO COMPLY WITH THE RULES OF DISCOVERY."

**ANALYSIS**

{¶14} In his sole assignment of error, appellant argues the trial court should have granted his motion for mistrial because appellee allegedly failed to comply with discovery rules. We disagree.

{¶15} During the direct testimony of Ptl. Miller, as Miller testified to the chain of custody of the evidence seized from appellant, the prosecutor began to introduce a property submission form of the New Philadelphia Police Department labeled as appellee's Exhibit I. Defense trial counsel objected, arguing the form was never provided in discovery despite numerous requests. Defense trial counsel stated "this," i.e. the chain of custody delineated on the form, was the basis of appellant's defense, and moved for a

mistrial because the property submission form was not disclosed. Appellee responded that an incomplete property submission form had been in the prosecutor's possession throughout the case and was disclosed to appellant in discovery. The trial court denied the motion for mistrial but excluded appellee's Exhibit I as inadmissible.

{¶16} Upon our review of the record and the exhibits, we understand the issue as follows. Appellee's Exhibit H, which was admitted into evidence, is a copy of the New Philadelphia Police Department Property Submission Form. Exhibit H lists the items seized in the investigation, including the container with the teal lid found on appellant and labeled as "Item 1." The "Chain of Custody" portion at the bottom of Exhibit H is blank. This is the Property Submission Form which was disclosed to appellant in discovery.

{¶17} Appellee's Exhibit I, which was *not* admitted at trial, is a copy of the same form as Exhibit H, but the "Chain of Custody" portion at the bottom is filled in. The Chain of Custody portion indicates the date, item number, and officers who received submitted pieces of evidence, received them, transported them to BCI, and returned them to the New Philadelphia Police Department.

{¶18} We perceive appellant's defense at trial to have been that Miller mixed up the container he seized from appellant (teal lid) with the container he found in the green Crown Royale bag in the women's restroom trash can (green lid). Alternatively, appellant argued that he believed the substance in the container was Benefiber, and/or the results of the laboratory testing at BCI was compromised in some inexplicable way.

{¶19} Appellant argues, though, that he "built an entire defense around the absence of the form," implying his argument about the chain of custody was precluded by appellee's failure to produce the completed form. We have reviewed appellee's Exhibit

I, however, and agree with appellee that the chain of custody notations fail to reveal any new information. Instead, the form indicates the dates upon which Miller submitted the evidence; the date the evidence was removed for transport to BCI for testing; the date the evidence was returned to the New Philadelphia Police Department; and the date the evidence was ultimately transported to court for trial. Movement and handling of the evidence was documented elsewhere, i.e. in the police reports and BCI laboratory reports, and each officer and forensic scientist in the chain of custody testified about his or her handling of the evidence, with the exception of the evidence technician who packaged the evidence for submission to BCI.

{¶20} Before the trial court, appellant argued appellee failed to disclose the completed version of the form in accord with Crim.R. 16. Defense trial counsel moved for a mistrial upon appellee's attempted admission of Exhibit I, including the completed Chain of Custody portion. In response to the motion for mistrial, the prosecutor stated appellee's Exhibit H was the version of the property form in his possession prior to trial; appellee's Exhibit I was an updated version brought to the courtroom accompanying the evidence transported by the New Philadelphia Police Department.

{¶21} The trial court sustained appellant's objection to the introduction of appellee's Exhibit I because it was not provided to appellant in a timely manner, but overruled the motion for mistrial. Appellant now argues this decision was an abuse of discretion. A trial court's decision on discovery violations is reviewed under an abuse-of-discretion standard. *State v. Hassinger*, 5th Dist. Ashland No. 13-COA-038, 2014-Ohio-3214, ¶ 15, citing *State v. Darmond,* 135 Ohio St.3d 343, 2013-Ohio-966. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable,

arbitrary or unconscionable and not merely an error of law or judgment. *Id.,* citing *State v. Adams,* 62 Ohio St.2d 151 (1980).

{¶22} Crim.R. 16 governs discovery and inspection. Subsection (L)(1) states:

> The trial court may make orders regulating discovery not inconsistent with this rule. If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances.

{¶23} Ordinarily, a trial court must impose the least severe sanction for a discovery violation that is consistent with the purposes of the rules of discovery. *State v. Davis*, 5th Dist. Stark No. 2003CA00198, 2004-Ohio-3527, ¶ 43, citing *City of Lakewood v. Papadelis*, 32 Ohio St.3d 1, 511 N.E.2d 1138 (1987), syllabus. In *State v. Joseph,* 73 Ohio St.3d 450, 458, 1995-Ohio-288, 653 N.E.2d 285, the Ohio Supreme Court articulated the standard for reversals in the context of discovery violations, stating that: "Prosecutorial violations of Crim.R. 16 are reversible only when there is a showing that (1) the prosecution's failure to disclose was a willful violation of the rule, (2) foreknowledge of the information would have benefited the accused in the preparation of his defense, and (3) the accused suffered some prejudicial effect."

{¶24} Appellant argues the appropriate resolution of the discovery violation should have been a mistrial.  Mistrials need to be declared only when the ends of justice so

require and a fair trial is no longer possible. *State v. Davis*, 5th Dist. Stark No. 2003CA00198, 2004-Ohio-3527, ¶ 35, supra, citing *State v. Franklin*, 62 Ohio St.3d 118, 127, 580 N.E.2d 1 (1991). The standard of review for evaluating a trial court's decision to grant or deny a mistrial is abuse of discretion. *State v. Sage*, 31 Ohio St.3d 173, 182, 510 N.E.2d 343 (1987).

{¶25} Upon our review of the entire record, we conclude the trial court did not abuse its discretion in denying appellant's motion for a mistrial. It is apparent that the trial court believed the prosecution's explanation for the delay in the disclosure of the evidence and found no willful discovery violation by appellee. Appellant has not established how possession of Exhibit I would have provided any additional foreknowledge that would have benefited preparation of his defense; the Chain of Custody form notates information available throughout the remainder of discovery. The evidence was seized, processed, submitted to BCI for testing, and returned. Finally, appellant has failed to establish any prejudicial effect arising from the discovery violation. Appellant's argument at trial was, e.g., that Miller confused the two containers before they were submitted into evidence, or that BCI somehow contaminated the sample during testing. We therefore fail to discern how this discovery violation prejudiced appellant in the preparation of his defense. The trial court did exclude Exhibit I from admission at trial.

{¶26} We conclude that the trial court's sanction was not an abuse of discretion. We agree with appellee that the information contained in the completed Chain of Custody form was readily available throughout other documentation provided in discovery. Under the circumstances, we cannot say that denying the motion for a mistrial and instead excluding the evidence was an unreasonable sanction.

{¶27} Appellant's sole assignment of error is thus overruled.

**CONCLUSION**

{¶28} Appellant's sole assignment of error is overruled and the judgment of the Tuscarawas County Court of Common Pleas is affirmed.

By: Delaney, J.,

Hoffman, P.J. and

Wise, Earle, J., concur.