[Cite as *State v. Williams*, 2016-Ohio-8123.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-160196 |
| | | C-160197 |
| Plaintiff-Appellant, | : | TRIAL NOS. 15CRB-12023A |
| | | 15CRB-12023B |
| vs. | : | |
| | | *O P I N I O N.* |
| SHAHIVA WILLIAMS, | : | |
| Defendant-Appellee. | : | |

Criminal Appeals From: Hamilton County Municipal Court

Judgments Appealed From Are: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: December 14, 2016

*Paula Boggs Muething*, Cincinnati City Solicitor, *Natalia Harris*, City Prosecutor, and *Heidi Rosales*, Senior Assistant City Prosecutor, for Plaintiff-Appellant,

*Raymont T. Faller*, Hamilton County Public Defender, and *David Hoffman*, Assistant Public Defender, for Defendant-Appellee.

**CUNNINGHAM, Judge.**

{¶1}   Plaintiff-appellant state of Ohio appeals from the decision of the Hamilton County Municipal Court dismissing two charges against defendant-appellee Shahiva Williams as a sanction for the state's failure to provide discovery. Because the trial court failed to consider the appropriate factors before selecting the harsh sanction of dismissal, the court abused its discretion.  We reverse.

{¶2}   On May 13, 2015, Williams was arrested and charged with obstructing official business under R.C. 2921.31 and carrying a concealed weapon under R.C. 2923.12.  On July 29, 2013, she filed a demand for discovery asking for, among other things:

> [A]ll video recordings, with audio if applicable, whether related to the initial encounter between the defendant and the police or to defendant's subsequent transport or processing at the police station as well as any audio radio transmission prior, to, during and after the stop of the [d]efendant.

{¶3}   The Cincinnati Police Department had a standard practice to turn on the video in the police cruiser when transporting an arrested person to jail. Williams's discovery demand was filed before a 90-day retention period for transport video had expired.  Nevertheless, the state's written response to Williams's discovery demand did not include police cruiser video or audio recordings.

{¶4}   Subsequently, Williams filed a motion to suppress in which she alleged that during her transport to jail, she had admitted to possessing brass knuckles without first having been advised of her rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).  She also filed a motion to compel discovery, which included a request for the May 13, 2015 transport video.

2

The trial court found that the video was "requested appropriately" and granted the motion to compel, with the understanding that the video was no longer available. At a later hearing on sanctions, the court concluded that the state had acted in bad faith by failing to provide the video, and dismissed both charges.

{¶5} In its sole assignment of error, the state contends that the trial court erred in dismissing the charges. It argues that the trial court abused its discretion in imposing the most severe sanction without weighing the proper factors and that the record is not sufficient to determine whether Williams's due-process rights were violated. This assignment is well taken.

{¶6} The state's failure to preserve materially exculpatory evidence violates a defendant's right to due process. *California v. Trombetta*, 467 U.S. 479, 488-489, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984); *State v. Brewster*, 1st Dist. Hamilton Nos. C-030024 and C-003025, 2004-Ohio-2993, ¶ 41. Evidence is materially exculpatory where the evidence possesses an exculpatory value that is apparent before the evidence is destroyed, and it is of such a nature that the defendant would be unable to obtain comparable evidence by other reasonable means. *Trombetta* at 488-489; *Brewster* at ¶ 41.

{¶7} Generally, the defendant bears the burden to show that lost or destroyed evidence is materially exculpatory. *State v. Anderson*, 1st Dist. Hamilton No. C-050382, 2006-Ohio-1568, ¶ 22; *State v. Acosta*, 1st Dist. Hamilton Nos. C-020767, C-020768, C-020769, C-020770 and C-020771, 2003-Ohio-6503, ¶ 5. But because Williams specifically requested the disclosure of all video recordings including those related to the transporting of the defendant, the burden shifted to the state to show that the evidence was not exculpatory. *State v. Fox*, 4th Dist. Ross No. 11CA3302, 2012-Ohio-4805, ¶ 26; *Anderson* at ¶ 22; *Acosta* at ¶ 6-7. Under the

circumstances, she was not required to file a separate motion to preserve the video, as the state argues.

{¶8} The record shows that the videotape was not exculpatory. To the contrary, it was inculpatory. The record shows, and Williams acknowledged, that she made a statement to the transporting officer to the effect that she was carrying a concealed weapon. To be materially exculpatory, the missing evidence must allow the defendant to challenge the substance of the charge against her. *State v. Geeslin*, 116 Ohio St.3d 252, 2007-Ohio-5239, 878 N.E.2d 1, ¶ 13; *Fox* at ¶ 28-32.

{¶9} Nevertheless, the videotape may have contained potentially useful evidence. The state's failure to preserve potentially useful, but not materially exculpatory, evidence violates a defendant's due-process rights if the police or the prosecution acted in bad faith. *Geeslin* at ¶ 10; *Brewster*, 1st Dist. Hamilton Nos. C-030024 and C-030025, 2004-Ohio-2993, at ¶ 44.

{¶10} In this case, the trial court specifically found that the state acted in bad faith, and the record supports that determination. Williams filed her discovery request 14 days before the expiration of the 90-day retention period for the transport video. The administrative supervisor for the Cincinnati Police records section testified that she could respond to a subpoena request for the video in about one week. The state's response, which was not filed until after the 90-day retention period had expired, contained no mention of the video. The state eventually conceded that it had a duty to disclose the video and could offer no explanation or justification for the failure to preserve it. The trial court's finding of bad faith was amply supported in this record.

{¶11} A trial court has broad discretion in determining a sanction for a discovery violation. *State v. Darmond*, 135 Ohio St.3d 343, 2013-Ohio-966, 986 N.E.2d 971, ¶ 33; *State v. Simmons*, 2014-Ohio-3695, 19 N.E.3d 517, ¶ 41 (1st Dist.).

Nevertheless, the trial court must consider several factors before imposing a discovery sanction. These factors include: (1) whether the failure to disclose was a willful violation of Crim.R. 16; (2) whether foreknowledge of the undisclosed material could have benefited the accused in the preparation of a defense; and (3) whether the accused was prejudiced. *Darmond* at ¶ 35-36; *Simmons* at ¶ 42. The court "must impose the least severe sanction that is consistent with the rules of discovery." *Darmond* at syllabus, quoting *Lakewood v. Papadelis*, 32 Ohio St.3d 1, 511 N.E.2d 1138 (1987), paragraph two of the syllabus.

{¶12} In this case, the record does not demonstrate that the court considered the proper factors before imposing the harshest sanction possible, dismissal of the charges. On that basis alone, we hold that the trial court abused its discretion in dismissing the charges against Williams. *See Darmond* at ¶ 42. Thus, we sustain the state's assignment of error.

{¶13} We reverse the trial court's judgments dismissing the charges, and remand the cause for the court to consider the proper factors and then impose any appropriate sanction, including dismissal, consistent with this opinion and law.

Judgments reversed and cause remanded.

**HENDON, P.J.,** and **MOCK, J.,** concur.

Please note:
The court has recorded its own entry this date.

5