[Cite as *State v. Branam*, 2020-Ohio-3101.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-190349 |
| | | C-190350 |
| Plaintiff-Appellant, | | C-190351 |
| | | C-190352 |
| vs. | : | C-190353 |
| | | TRIAL NOS. 19TRD-541(A) |
| WILLADEAN BRANAM, | : | 19CRB-60(A) |
| | | 19CRB-60(B) |
| Defendant-Appellee. | | 19CRB-60(C) |
| | | 19TRD-541(B) |
| | : | |
| | | |
| | : | *O P I N I O N.* |

Criminal Appeals From:  Hamilton County Municipal Court

Judgments Appealed From Are:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal: May 27, 2020

*Paula Boggs Muething*, City Solicitor, *William T. Horsley*, Interim City Prosecutor, and *Jon Vogt*, Appellate Director, for Plaintiff-Appellant,

*Raymond T. Faller*, Hamilton County Public Defender, and *David Hoffmann*, Assistant Public Defender, for Defendant-Appellee.

**MYERS, Judge.**

{¶1}    The state of Ohio appeals the judgments of the Hamilton County Municipal Court dismissing five charges against Willadean Branam as a sanction for the state's failure to provide a video in discovery.  Because the trial court abused its discretion by failing to consider the appropriate factors before imposing dismissal as a sanction for the discovery violation, we reverse.

{¶2}    On January 1, 2019, Branam was charged with obstructing official business, spitting in a public place, possession of marijuana, leaving a curb without proper signaling, and a license-plate violation.  On January 29, Branam filed a demand for discovery.

{¶3}    In its written response filed on February 3, the state provided all that Branam had requested except for videos captured by police body-worn cameras ("BWC") and from mobile video recorders ("MVR") in police cruisers.  The state indicated that "BWC video will be forwarded upon receipt" and "MVR Video ordered, will forward upon receipt, if available."

{¶4}    On February 14, Branam filed a motion asking the court to extend the deadline for her to file a motion to suppress.  She asserted that she was still waiting for the state to produce BWC and MVR videos, which might form the basis of a potential motion to suppress.

{¶5}    At a hearing on April 12, the court ordered the state to provide the recordings within ten days.  On the same day, Branam served upon the state a motion to compel discovery.[1]

{¶6}    The case was set for trial and for hearing on the motion to compel on May 6, and on that day, defense counsel indicated that the state had provided BWC video, but not MVR video.  Counsel stated that the charges stemmed from a traffic

---

[1] The motion was filed and time-stamped on April 15.

stop and that without MVR video, she could not ascertain whether valid grounds existed for the filing of a motion to suppress. She then moved for dismissal of the charges. In response, the prosecutor stated that the prosecutor's office had again requested MVR video on April 12, but that "to the best of my knowledge, the [prosecutor's office] is not in possession of it." The prosecutor requested that the court impose the least severe sanction for the discovery violation, which the state argued would be exclusion of any MVR video as evidence. The court noted that the undisclosed evidence might be exculpatory and dismissed the charges. This appeal followed.

{¶7}   In a single assignment of error, the state argues that the trial court erred by dismissing the charges. The state contends that the court abused its discretion by failing to consider the circumstances surrounding the discovery violation and by failing to consider whether a less restrictive sanction would have accomplished the purposes of discovery.

{¶8}   Crim.R. 16 controls the discovery process, the purpose of which is "to provide all parties in a criminal case with the information necessary for a full and fair adjudication of the facts, to protect the integrity of the justice system and the rights of defendants, and to protect the well-being of witnesses, victims, and society at large." *See* Crim.R. 16(A). The rule gives the trial court discretion to determine an appropriate sanction for a discovery violation. *See* Crim.R. 16(L); *State v. Darmond*, 135 Ohio St.3d 343, 2013-Ohio-966, 986 N.E.2d 971, ¶ 33. If a party fails to comply with Crim.R. 16 or with an order issued pursuant to the rule, the court may "order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances." Crim.R. 16(L).

{¶9}   In exercising its discretion in imposing a sanction for a discovery violation, the court must consider (1) whether the failure to disclose was a willful

3

violation of Crim.R. 16, (2) whether foreknowledge of the undisclosed material would have benefited the defendant in the preparation of a defense, and (3) whether the defendant was prejudiced. *Darmond* at ¶ 35, citing *State v. Parson*, 6 Ohio St.3d 442, 453 N.E.2d 689 (1983), syllabus; *State v. Williams*, 1st Dist. Hamilton Nos. C-160196 and C-160197, 2016-Ohio-8123, ¶ 11. When imposing a discovery sanction, the court must impose the least severe sanction that is consistent with the purpose of the rules of discovery. *Id.* at syllabus, citing *Lakewood v. Papadelis*, 32 Ohio St.3d 1, 511 N.E.2d 1138 (1987).

{¶10} In this case, the record does not demonstrate that the court considered the proper factors before it imposed the harshest sanction possible for the state's discovery violation. Therefore, we hold that the trial court abused its discretion in dismissing the charges against Branam. *See Darmond* at ¶ 39; *Williams* at ¶ 12. The state's sole assignment of error is sustained.

{¶11} We reverse the judgments of the trial court dismissing the charges, and remand the cause for the court to consider the proper factors and then impose any appropriate sanction, including dismissal, consistent with law and this opinion.

Judgments reversed and cause remanded.

**MOCK, P.J.,** and **ZAYAS, J.,** concur.

Please note:

The court has recorded its own entry this date.

4