[Cite as *State v. Shorter*, 2018-Ohio-5164.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28008 |
| | : | |
| v. | : | Trial Court Case No. 2008-CR-1790/1 |
| | : | |
| CHARLES B. SHORTER | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 21st day of December, 2018.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by HEATHER N. JANS, Atty. Reg. No. 0084470, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

CHARLES B. SHORTER, Inmate No. 595-262, Belmont Correctional Institution, P.O. Box 540, Saint Clairsville, Ohio 43950
        Defendant-Appellant, Pro Se

. . . . . . . . . . . . .

WELBAUM, P.J.

{¶ 1} Defendant-appellant, Charles B. Shorter, appeals pro se from a judgment of the Montgomery County Court of Common Pleas overruling his post-sentence motion to withdraw his guilty plea. For the reasons outlined below, the judgment of the trial court will be affirmed.

**Facts and Course of Proceedings**

{¶ 2} In August 2008, the Montgomery County Grand Jury returned a six-count indictment charging Shorter with one count of murder in violation of R.C. 2903.02(A), one count of felony murder in violation of R.C. 2903.02(B), two counts of felonious assault in violation of R.C. 2903.11(A)(1) and (2), one count of having weapons while under disability in violation of R.C. 2923.13(A)(2), and one count of tampering with evidence in violation of R.C. 2921.12(A)(1). With the exception of the charges for having weapons while under disability and tampering with evidence, each of the charges included a three-year firearm specification.

{¶ 3} Following his indictment, Shorter entered into a negotiated plea agreement with the State. As part of the agreement, Shorter agreed to plead guilty to murder as charged under R.C. 2903.02(A) with the three-year firearm specification, as well as to the charges for having weapons while under disability and tampering with evidence. In exchange for Shorter's guilty plea, the State agreed to dismiss the remaining charges and to stipulate to an agreed, total sentence of 18 years to life in prison. Specifically, the parties agreed that Shorter would receive 15 years to life in prison for murder plus a consecutive, three-year prison term for the firearm specification. It was further agreed

that the sentences imposed for having weapons while under disability and tampering with evidence would be served concurrently to each other and concurrently to the sentence imposed for murder.

{¶ 4} Prior to his plea hearing, Shorter advised the trial court that his guilty plea was conditioned on the trial court agreeing to sentence his co-defendant, who was the mother of his child, to community control sanctions. That condition was not a part of Shorter's plea agreement with the State and was otherwise not agreed to by the State. Nevertheless, the trial court indicated that since Shorter's co-defendant decided to cooperate with the State, entered a plea, and had no previous criminal record, the trial court would sentence her to community control sanctions. After the trial court assured Shorter that his co-defendant would receive community control sanctions, Shorter pled guilty pursuant to the aforementioned plea agreement. Following Shorter's guilty plea, the trial court sentenced Shorter to the agreed-upon term of 18 years to life in prison.

{¶ 5} On November 13, 2013, five years after the trial court issued its sentencing decision, Shorter moved this court for leave to file a delayed appeal from his conviction and sentence. This court overruled Shorter's motion for leave to file a delayed appeal and dismissed the matter. *See* Decision and Entry, Montgomery App. No. 26000 (Dec. 23, 2013).

{¶ 6} On January 11, 2018, nine years after his conviction, Shorter filed a pro se motion to withdraw his guilty plea in the trial court. In support of the motion, Shorter argued that his plea was not knowingly, intelligently, and voluntarily entered because the trial court misrepresented the maximum sentence he faced if he were found guilty of all the indicted charges. Shorter also argued that the trial court gave incorrect information

regarding parole and impermissibly participated in his plea negotiations.

**{¶ 7}** After taking the matter under advisement, the trial court issued a written decision overruling Shorter's motion to withdraw his guilty plea. In so holding, the trial court found that it had accurately stated Shorter's potential maximum sentence and that "the record [was] devoid of any active or excessive involvement on the part of the Court in the plea negotiation." Decision, Order, and Entry (Apr. 19, 2018), Montgomery C.P. No. 2008-CR-1790/1, Docket No. 8, p. 6. The trial court also found that Shorter failed to provide a legitimate explanation for the nine-year delay in filing his motion.

**{¶ 8}** Shorter now appeals from the trial court's decision overruling his post-sentence motion to withdraw his guilty plea, raising two assignments of error for review. For purposes of clarity, we will address Shorter's assignments of error together, as both assignments of error raise the issue of whether the trial court's conduct rendered Shorter's guilty plea less than knowing, intelligent, and voluntary.

## Assignments of Error

**{¶ 9}** Under his first assignment of error, Shorter claims that, prior to entering his guilty plea, the trial court misrepresented the maximum sentence he faced for all the indicted charges. Shorter also claims the trial court incorrectly advised him that he would be on parole for the remainder of his life if he was ever released on parole. Under his second assignment of error, Shorter claims that the trial court improperly participated in his plea negotiations. Shorter maintains that all the aforementioned conduct by the trial court invalidated his guilty plea because it prevented him from knowingly, intelligently, and voluntarily pleading guilty. For that reason, Shorter contends the trial court erred in

failing to grant his post-sentence motion to withdraw his guilty plea. We disagree.

**{¶ 10}** We review a trial court's decision on a post-sentence motion to withdraw a guilty plea for an abuse of discretion. (Citation omitted.) *Xenia v. Jones*, 2d Dist. Greene No. 07-CA-104, 2008-Ohio-4733, ¶ 6. "A trial court abuses its discretion when it makes a decision that is unreasonable, unconscionable, or arbitrary." (Citation omitted.) *State v. Darmond*, 135 Ohio St.3d 343, 2013-Ohio-966, 986 N.E.2d 971, ¶ 34. "Absent an abuse of discretion on the part of the trial court in making the ruling, its decision must be affirmed." *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992).

**{¶ 11}** Crim.R. 32.1 provides that a trial court may grant a defendant's post-sentence plea withdrawal motion only to correct a manifest injustice. Accordingly, a defendant who moves to withdraw his plea bears the burden of establishing a manifest injustice. Crim.R. 32.1; *State v. Harris*, 2d Dist. Montgomery No. 19013, 2002 WL 940186, *1 (May 10, 2002), citing *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. " 'A "manifest injustice" comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her.' " *State v. Brooks*, 2d Dist. Montgomery No. 23385, 2010-Ohio-1682, ¶ 8, quoting *State v. Hartzell*, 2d Dist. Montgomery No. 17499, 1999 WL 957746, *2 (Aug. 20, 1999). Under this standard, "a post-sentence withdrawal motion is allowable only in extraordinary cases." (Citation omitted.) *Smith* at 264.

**{¶ 12}** As previously noted, Shorter initially claims that the trial court should have permitted him to withdraw his guilty plea because the trial court misrepresented the maximum sentence he faced for *all the indicted charges*. In so arguing, we note that

Shorter is not challenging the trial court's Crim.R. 11 plea colloquy, as the record of the plea hearing indicates that the trial court accurately advised Shorter of the maximum possible penalty he faced for the charges he pled guilty to committing; i.e., murder with a three-year firearm specification, having weapons while under disability, and tampering with evidence. Rather, Shorter is challenging the following statement made by the trial court during his final pretrial conference:

> Now if you reject [the State's plea offer], and that's certainly your right to do, then—and you are then convicted of all these offenses, not saying that would happen, but assuming that you are, then I would make the final decision about what your sentence will be. That falls to me as the Judge. And just taking a look at this, it would appear to me that and I'm not saying this would occur, but it would appear to me that *there is the potential that the sentence could be as high as 36 years to life and maybe even a little bit longer than that, but at least 36 years to life, and making you eligible for parole after serving 36 years, not 18 years.* And again, I'm not saying that I would do that, but that is certainly, Mr. Shorter, the potential.

(Emphasis added.) Trans. (Nov. 12, 2008), p. 4.

{¶ 13} In the foregoing statement, the trial court indicated that Shorter could face 36 years to life in prison if he declined the State's plea offer and was found guilty of all the indicted charges at trial. Upon review, we find no error in the trial court's statement. The punishment for murder, an unclassified felony, is an indefinite term of 15 years to life in prison. R.C. 2929.02(B)(1). For second-degree felonies, such as felonious assault, the maximum prison term is eight years. R.C. 2929.14(A)(2). At the time Shorter was

sentenced, the maximum prison term for third-degree felonies, such as having weapons while under disability and tampering with evidence, was five years. R.C. 2929.14(A)(3) (effective September 30, 2008 to April 6, 2009). Shorter also had four, three-year firearm specifications attached to his charges.

{¶ 14} In calculating 36 years to life in prison, the trial court presumed Shorter's two murder charges, two felonious assault charges, and four firearm specifications would merge in a manner that would result in Shorter only being sentenced for one count of murder, one count of felonious assault, and one firearm specification. Under that scheme, Shorter would receive 36 years to life in prison if he received maximum, consecutive sentences for each of the indicted charges; i.e., 15 years to life for murder, three years for the firearm specification, eight years for felonious assault, five years for having weapons while under disability, and five years for tampering with evidence. However, depending on the merger determination, the sentence could have been longer. Therefore, the trial court's statement "there is the potential that the sentence could be as high as 36 years to life and maybe even a little bit longer" was not erroneous. Accordingly, the statement did not result in a manifest injustice warranting the vacation of Shorter's guilty plea.

{¶ 15} Shorter also contends the trial court misadvised him at the plea hearing when it stated: "assuming you are released from prison on parole, you will as I understand it, be on parole for the rest of your life[.]" Trans. (Nov. 13, 2008), p. 20. We addressed a similar argument in *State v. Rosales*, 2d Dist. Montgomery No. 27117, 2018-Ohio-197. The defendant in *Rosales* argued that the trial court incorrectly stated at sentencing that he would be on parole for the rest of his life if ever released from prison. *Id.* at ¶ 26. In

response, we held that:

> "When a person is paroled, he or she is released from confinement before the end of his or her sentence and remains in the custody of the state until the sentence expires or the Adult Parole Authority grants final release." *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 36. Absent a grant of final release, then, [the defendant] would be on parole for the rest of his life, as the trial court stated. The possibility that a final release could cut his parole short was not something the trial court was required to tell him at sentencing. *Even when taking a guilty plea, a trial court is not required to discuss parole at all.* *Id.* at ¶ 37. That being so, the trial court could not have erred in failing to mention a statutory mechanism that it was not required to address and that someday could work to [the defendant's] advantage.

(Emphasis added.) *Id.* at ¶ 26

{¶ 16} Moreover, the Supreme Court of Ohio stated the following in *Clark*:

> Even after a prisoner has met the minimum eligibility requirements, parole is not guaranteed; the Adult Parole Authority "has wide-ranging discretion in parole matters" and may refuse to grant release to an eligible offender. *Layne v. Ohio Adult Parole Auth.*, 97 Ohio St.3d 456, 2002-Ohio-6719, 780 N.E.2d 548, ¶ 28; *State ex rel. Hattie v. Goldhardt* (1994), 69 Ohio St.3d 123, 125, 630 N.E.2d 696. *Because parole is not certain to occur, trial courts are not required to explain it as part of the maximum possible penalty in a Crim.R. 11 colloquy.* See *Hill v. Lockhart* (1985), 474

U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203.

(Emphasis added.) *Clark* at ¶ 37.

**{¶ 17}** Although the trial court's statement to Shorter that he could be on parole for the rest of his life is arguably broad, we cannot say that such a statement was improper or that it prejudiced Shorter. As noted in *Rosales* and *Clark*, the trial court was not required to explain parole during the plea colloquy. Therefore, we find the trial court's statement regarding parole does not constitute a manifest injustice warranting the withdrawal of Shorter's guilty plea.[1]

**{¶ 18}** For his final argument, Shorter contends his guilty plea was rendered invalid as a result of the trial court partaking in his plea negotiations. The record indicates that Shorter advised the trial court that he would not plead guilty pursuant to his plea agreement with the State unless the trial court sentenced his co-defendant/child's mother to community control sanctions. Although noting the unorthodox nature of this request, the trial court assured Shorter that it would sentence his co-defendant/child's mother to community control sanctions. After receiving such assurance, Shorter entered his guilty plea.

**{¶ 19}** "The Ohio Supreme Court has held that judicial participation in plea negotiations does not render a plea invalid *per se*, but such involvement requires careful

[1] Shorter also argues that the trial court's advisement about parole made his sentence contrary to law. Shorter, however, did not appeal from his sentence and, even if he had, his sentence is not reviewable on appeal because it is a lawful, jointly-recommended sentence that was imposed by the trial court. *See* R.C. 2953.08(D)(1) ("A sentence imposed upon a defendant is not subject to review * * * if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."). Moreover, after reviewing the record, we find that the trial court's advisement about parole was correct and that the advisement had no effect on the validity of Shorter's sentence.

scrutiny to determine if 'the judge's active conduct could lead a defendant to believe he cannot get a fair trial because the judge thinks that a trial is a futile exercise or that the judge would be biased against him at trial.' " (Emphasis sic.) *State v. Mills*, 2d Dist. Montgomery No. 26619, 2015-Ohio-5385, ¶ 11, quoting *State v. Byrd*, 63 Ohio St.2d 288, 293-94, 407 N .E.2d 1384 (1980).

{¶ 20} In this case, even if we were to find that the trial court's acceptance of Shorter's condition qualified as a form of plea negotiation, nothing in the record indicates that the trial court's conduct would have led Shorter to believe that he could not get a fair trial or that the trial court would be biased against him at trial. Furthermore, even if we found that the trial court otherwise erred in accepting Shorter's condition, any such error was invited by Shorter. "The doctrine of invited error holds that a litigant may not 'take advantage of an error which he himself invited or induced.' " *State v. Campbell*, 90 Ohio St.3d 320, 324, 738 N.E.2d 1178 (2000), quoting *Hal Artz Lincoln-Mercury, Inc. v. Ford Motor Co.*, 28 Ohio St.3d 20, 502 N.E.2d 590 (1986), paragraph one of the syllabus. Therefore, because Shorter was the one who proposed the condition and invited the trial court to accept it, he cannot now benefit from any error in the trial court's decision to do so.

{¶ 21} We also note that Shorter did not file his motion to withdraw his guilty plea until nine years after his conviction. "Although Crim. R. 32.1 does not contain a time limit for filing a post-sentence motion to withdraw a plea, a trial court may take into consideration the passage of time between the entry of the plea and a defendant's attempt to withdraw it." (Citations omitted.) *Jones*, 2d Dist. Greene No. 07-CA-104, 2008-Ohio-4733 at ¶ 9. "[A]n undue delay between the occurrence of the alleged cause of a

withdrawal of [the] plea and the filing of a Crim.R. 32 motion is a factor adversely affecting the credibility of the movant and militating against the granting of the motion." *State v. Harden*, 2d Dist. Montgomery No. 22839, 2009-Ohio-3431, ¶ 7, citing *Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324, at paragraph three of the syllabus.

{¶ 22} Here, Shorter failed to provide a legitimate explanation for the nine-year delay in filing his motion to withdraw his guilty plea, as his only excuse was that he spent the past nine years "assuming that the information provided to him by Counsel and the trial court was accurate." Motion to Withdraw Guilty Plea, (Jan. 11, 2018), Montgomery C.P. No. 2008-CR-01790/1, Docket No. 3, p. 4. Such undue delay further supports the trial court's decision to overrule Shorter's motion.

{¶ 23} For the foregoing reasons, we do not find that the trial court abused its discretion in overruling Shorter's motion to withdraw his guilty plea. Shorter failed to demonstrate that a manifest injustice warranted the withdrawal of his guilty plea and provided no legitimate explanation for the nine-year delay in filing his motion. Accordingly, Shorter's first and second assignments of error are overruled.

**Conclusion**

{¶ 24} Having overruled both of Shorter's assignments of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Heather N. Jans
Charles B. Shorter
Hon. Erik R. Blaine