[Cite as *State v. Johnson*, 2019-Ohio-754.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2018-06-013 |
| Appellee, | : | O P I N I O N<br>3/4/2019 |
| | : | |
| - vs - | : | |
| | : | |
| JOSHUA RAYSHAWN JOHNSON, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
Case No. CRI 20170405

Jess C. Weade, Fayette County Prosecuting Attorney, Sean M. Abbott, 110 East Court Street, Washington Court House, OH 43160, for appellee

Steven H. Eckstein, 1208 Bramble Ave., Washington Court House, OH 43160, for appellant

**M. POWELL, J.**

{¶ 1} Appellant, Joshua Rayshawn Johnson, appeals his conviction and sentence in the Fayette County Court of Common Pleas for illegal conveyance of drugs of abuse onto the grounds of a detention facility.

{¶ 2} On June 3, 2017, appellant was arrested after he refused to leave a hospital even though he had been treated and discharged. Before placing appellant in a cruiser,

the arresting officer conducted a pat-down search of appellant and asked him whether he had any weapons or drugs on his person. Appellant denied possessing any such items. Appellant was then transported to the Fayette County Jail where he was placed in the drunk tank for booking and change of clothes.

{¶ 3} As appellant was changing clothes, Corporal Matthew Stegall noticed what appeared to be a cellophane baggie protruding from the intergluteal cleft of appellant's buttocks. Corporal Stegall inquired. Appellant replied it was cocaine and handed the baggie to the officer. Upon being asked if he had anything else, appellant answered affirmatively, removed another baggie from his buttocks, and handed it to the officer. Corporal Stegall took possession of the two baggies and handed them to Sergeant Michael Payton. In turn, the sergeant logged the two baggies into the temporary evidence locker.

{¶ 4} Sergeant Payton created a chain of custody sheet, including one tag identification number for both baggies and a specific, individual evidence identification number for each of the baggies. The tag identification number reflects a "whole group of pieces of evidence related to one event or one location." All three identification numbers had an assigned barcode. In July 2017, Sergeant Jon Fausnaugh removed the baggies from the temporary evidence locker and secured them in the property room. He later transported the baggies containing the suspected drugs to the Bureau of Criminal Investigation ("BCI") where they were tested by Laurel Anne Ward. One baggie contained cocaine; the other contained a mixture of heroin and fentanyl.

{¶ 5} Appellant was indicted in December 2017 on four counts of illegal conveyance of drugs of abuse onto the grounds of a detention facility in violation of R.C. 2921.36(A)(2) and 2921.36(G)(2), all felonies of the third degree.[1] Regarding the fourth count, the state

---

1. A county jail is a "detention facility" as used in R.C. 2921.36(A)(2) and as defined by R.C. 2921.01(F).

alleged that appellant illegally conveyed methamphetamine onto the grounds of the jail. However, the methamphetamine belonged to another individual. Realizing the mistake, the state dismissed the charge and the matter proceeded to a jury trial on the three remaining counts of illegal conveyance. Corporal Stegall, Sergeants Payton and Fausnaugh, and Ward testified on behalf of the state. Appellant did not testify or present witnesses on his behalf.

{¶ 6} Trial testimony revealed the existence of a video camera in or near the drunk tank. On direct examination, Corporal Stegall testified that the video camera was outside the drunk tank. However, on cross-examination, the officer testified that "there is a camera that shows the inside of the drunk tank." Although defense counsel's discovery request specifically requested any videotapes, no videotape was provided to the defense, including of the inside of the drunk tank.

{¶ 7} Following its case-in-chief, the state rested and moved to admit its evidence, including the two baggies of drugs. The state's evidence was admitted without objection. Subsequently, defense counsel moved to dismiss the case based upon the state's failure to disclose the videotape of the drunk tank to the defense in violation of Crim.R. 16. The trial court denied the motion. Defense counsel further moved for acquittal pursuant to Crim.R. 29 at the close of the state's case and the defense case. Defense counsel argued that the drugs tested at BCI and produced at trial were not properly authenticated as the drugs removed from appellant's buttocks. The trial court denied the motions.

{¶ 8} On May 23, 2018, the jury found appellant guilty of three counts of illegal conveyance of drugs of abuse onto the grounds of the jail. Following the jury verdict, the trial court immediately held a sentencing hearing. Upon merging two counts as allied offenses of similar import, the trial court sentenced appellant to a 30-month prison term on each of the remaining two counts, to be served concurrently.

{¶ 9} Appellant now appeals, raising five assignments of error. The first and second assignments of error will be addressed together.

{¶ 10} Assignment of Error No. 1:

{¶ 11} THE TRIAL COURT ERRED IN DENYING JOHNSON'S CRIM.R. 29 MOTION FOR ACQUIT[T]AL AS THE EVIDENCE PRESENTED WAS INSUFFICIENT TO CONCLUDE THAT GUILT HAD BEEN PROVEN BEYOND A REASONABLE DOUBT IN VIOLATION OF HIS RIGHTS TO DUE PROCESS AND A FAIR TRIAL UNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION.

{¶ 12} Assignment of Error No. 2:

{¶ 13} THE TRIAL COURT ERRED IN ENTERING A FINDING OF GUILTY BECAUSE SUCH VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE. FIFTH AND FOURTEENTH AMENDMENTS, UNITED STATES CONSTITUTION, AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.

{¶ 14} Appellant argues that his conviction for illegal conveyance of the cocaine, heroin, and fentanyl onto the grounds of the jail is not supported by sufficient evidence and is against the manifest weight of the evidence because the baggies of drugs produced at trial were not properly authenticated under Evid.R. 901 as the baggies removed from appellant's buttocks. Specifically, appellant argues that Corporal Stegall never testified that the baggies presented at trial were the baggies he recovered from appellant. Similarly, Sergeant Payton never testified that the baggies presented at trial were the baggies Corporal Stegall handed to him.

{¶ 15} Crim.R. 29(A) provides that "[t]he court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or

offenses." An appellate court reviews the denial of a Crim.R. 29(A) motion pursuant to the same standard as that used to review a sufficiency-of-the-evidence claim. *State v. Workman*, 12th Dist. Clermont Nos. CA2016-12-082 and CA2016-12-083, 2017-Ohio-8638, ¶ 19.

{¶ 16} When reviewing the sufficiency of the evidence underlying a criminal conviction, an appellate court examines the evidence in order to determine whether such evidence, if believed, would support a conviction. *Id.* at ¶ 20. The relevant inquiry is "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Watson*, 12th Dist. Warren No. CA2014-08-110, 2015-Ohio-2321, ¶ 22.

{¶ 17} To determine whether a conviction is against the manifest weight of the evidence, the reviewing court must look at the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Bradbury*, 12th Dist. Butler No. CA2015-06-111, 2016-Ohio-5091, ¶ 17. An appellate court will overturn a conviction due to the manifest weight of the evidence only in extraordinary circumstances when the evidence presented at trial weighs heavily in favor of acquittal. *Id.* at ¶ 18.

{¶ 18} Appellant was convicted of violating R.C. 2921.36(A)(2) and 2921.36(G)(2), which prohibit any person from knowingly conveying drugs of abuse onto the grounds of a detention facility.

{¶ 19} "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in

question is what its proponent claims." Evid.R. 901. The "threshold requirement for authentication of evidence is low and does not require conclusive proof of authenticity." *State v. Freeze*, 12th Dist. Butler No. CA2011-11-209, 2012-Ohio-5840, ¶ 65. Rather, "the state only needs to demonstrate a 'reasonable likelihood' that the evidence is authentic." *Id.* Either circumstantial evidence or direct evidence may be used to prove the authenticity of evidence. *State v. Vermillion*, 4th Dist. Athens No. 15CA17, 2016-Ohio-1295, ¶ 14. Testimony of a witness with knowledge that the "matter is what it is claimed to be" is sufficient to properly authenticate an item pursuant to Evid.R. 901(A). *State v. Waver*, 12th Dist. Butler No. CA2015-08-155, 2016-Ohio-5092, ¶ 28. A chain of custody is part of the authentication requirement for the admission of evidence under Evid.R. 901. *State v. Glover*, 12th Dist. Brown No. CA2015-01-002, 2015-Ohio-3707, ¶ 30.

{¶ 20} We find that the drugs tested at BCI and produced at trial were properly authenticated under Evid.R. 901 as the drugs recovered from appellant. Corporal Stegall testified he took the baggies containing the suspected drugs from appellant and subsequently handed them directly to Sergeant Payton. Sergeant Payton took the baggies, put them in a bag, and logged them into evidence, thereby creating an evidence sheet for each baggie and assigning the baggies a shared tag identification number and a specific, individual identification number for each baggie. Once logged into evidence, the baggies were placed in a temporary evidence locker.

{¶ 21} Trial testimony indicates that once evidence is secured into the temporary locker, only two officers have access to the locker keys and may personally retrieve the evidence, namely, Sergeant Fausnaugh and another officer not involved in the case. Sergeant Fausnaugh testified that on July 2, 2017, he personally retrieved the baggies from the temporary locker and secured them into the property room, and that the following day, he personally transported them to BCI for testing. Each time, Sergeant Fausnaugh scanned

the barcode assigned to the baggies' individual identification number and recorded the move on and signed the baggies' respective evidence sheet. Both sheets show that once the baggies were secured in the temporary evidence locker, Sergeant Fausnaugh was the only officer who subsequently handled them.

{¶ 22} Ward, a forensic scientist at BCI, testified the baggies were submitted to BCI on July 3, 2017, were logged into BCI's system and stored in a secure evidence vault until testing, and were tested for drugs on November 20, 2017. Ward personally analyzed the substance contained in the baggies. She testified one baggie contained cocaine; the other contained a mixture of heroin and fentanyl. Once the analysis was completed, Ward sealed each baggie in a separate bag which she initialed and dated, then placed both bags into a larger container which she sealed, dated, and initialed. Trial evidence shows that the larger container was transported back to the property room at the Fayette County Sheriff's Office by Sergeant Fausnaugh.

{¶ 23} The state presented detailed testimony from several witnesses that traced each step in the chain of custody of the drugs from their removal from appellant's person through testing at BCI and presentation at trial. The trial testimony leaves little doubt that the baggies introduced at trial were the same baggies found on appellant's person in the drunk tank. Further, there is no evidence the baggies were tampered with in any way. There was sufficient testimony to determine that the baggies were what they were purported to be and thus, they were properly authenticated under Evid.R. 901.

{¶ 24} Moreover, because deficiencies or irregularities in the chain of custody generally go to the weight of the evidence, not its admissibility, it was for the jury to determine the weight to be given to this evidence. *Glover*, 2015-Ohio-3707 at ¶ 36. Based upon the jury's guilt finding, the jury clearly found that the baggies recovered from appellant's person in the drunk tank contained cocaine and a mixture of heroin and fentanyl.

It is well-established that it is the trier of fact who makes determinations of credibility and the weight to be given to the evidence. *Id.* at ¶ 37. As the trier of fact, the jury was free to believe or disbelieve all, part, or none of the testimony of the state witnesses presented at trial. *Id.*

{¶ 25} Appellant's conviction is therefore not against the manifest weight of the evidence. Our determination that appellant's conviction is supported by the manifest weight of the evidence is also dispositive of the issue of sufficiency. *State v. Peyton*, 12th Dist. Butler No. CA2015-06-112, 2017-Ohio-243, ¶ 48. Appellant's first and second assignments of error are overruled.

{¶ 26} Assignment of Error No. 3:

{¶ 27} TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE DURING TRIAL IN VIOLATION OF JOHNSON'S RIGHTS UNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND SECTIONS 10 AND 16, ARTICLE I OF THE OHIO CONSTITUTION.

{¶ 28} Appellant argues defense counsel was ineffective because he failed to object to the admission of the baggies into evidence even though they were not properly authenticated under Evid.R. 901. The record shows that while defense counsel did not object to the admission of the baggies into evidence, he did raise the issue of lack of authentication in his Crim.R. 29 motions for acquittal.

{¶ 29} To prevail on his ineffective assistance of counsel argument, appellant must show that his trial counsel's performance was deficient, and that he was prejudiced as a result. *State v. Green*, 12th Dist. Warren No. CA2017-11-161, 2018-Ohio-3991, ¶ 42; *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052 (1984). Trial counsel's performance will not be deemed deficient unless it fell below an objective standard of reasonableness. *Strickland* at 688. To show prejudice, appellant must establish that, but

- 8 -

for his trial counsel's errors, there is a reasonable probability that the result of his trial would have been different. *Id.* at 694. The failure to make an adequate showing on either prong is fatal to an ineffective assistance of counsel claim. *State v. Bell,* 12th Dist. Clermont No. CA2008-05-044, 2009-Ohio-2335, ¶ 77, citing *Strickland* at 697.

{¶ 30} Because we found that the baggies of drugs were properly authenticated under Evid.R. 901 in the first two assignments of error, defense counsel was not ineffective in failing to object to their admission into evidence. *State v. Boone*, 9th Dist. Summit No. 26104, 2013-Ohio-2664, ¶ 22. "[C]ounsel's failure to object to the lack of proper authentication as to admitting the drugs * * * into evidence cannot be said to be deficient where such objection goes only to the weight of the evidence and not the admissibility." *State v. Walker*, 8th Dist. Cuyahoga No. 83035, 2004-Ohio-156, ¶ 31. Furthermore, defense counsel's "failure to raise an authentication objection [at trial] may be considered sound trial strategy, and * * * falls within the range of reasonable professional assistance." *State v. Payton*, 4th Dist. Ross No. 01CA2606, 2002 Ohio App. LEXIS 496, *9 (Jan. 25, 2002).

{¶ 31} Appellant's third assignment of error is overruled.

{¶ 32} Assignment of Error No. 4:

{¶ 33} THE TRIAL COURT ERRED IN DENYING JOHNSON'S MOTION FOR DISCOVERY SANCTIONS IN VIOLATION OF JOHNSON'S RIGHTS TO DUE PROCESS AND A FAIR TRIAL UNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION.

{¶ 34} Appellant argues the trial court erred in denying his Crim.R. 16 motion. Appellant asserts the trial court should have dismissed the case or imposed other appropriate discovery sanctions because the state failed to provide appellant with the

"potentially exculpatory" videotape of the drunk tank where appellant changed his clothes on the evening of the offense. Appellant asserts that Corporal Stegall's testimony plainly indicates such videotape exists. The trial court denied appellant's Crim.R. 16 motion on the ground that Corporal Stegall testified there was "a camera outside of the drunk tank" that looks toward the drunk tank.

{¶ 35} Crim.R. 16 governs discovery in criminal prosecutions and requires the state, upon motion of the defendant, to make available evidence material to the preparation of the defense. *State v. Wilson*, 12th Dist. Butler No. CA2012-12-254, 2013-Ohio-3877, ¶ 14; *State v. Weaver*, 12th Dist. Butler No. CA2009-01-022, 2009-Ohio-5923, ¶ 36. Crim.R. 16(L)(1) provides:

> The trial court may make orders regulating discovery not inconsistent with this rule. If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances.

{¶ 36} "Prosecutorial violations of Crim.R. 16 are reversible only when there is a showing that (1) the prosecution's failure to disclose was a willful violation of the rule, (2) foreknowledge of the information would have benefited the accused in the preparation of his defense, and (3) the accused suffered some prejudicial effect." *State v. Joseph*, 73 Ohio St.3d 450, 458 (1995). Sanctions for a Crim.R. 16 discovery violation are within the discretion of the trial court. *State v. Parson*, 6 Ohio St.3d 442, 445 (1983). When deciding on a sanction, the trial court must impose the least severe sanction that is consistent with the purpose of the rules of discovery. *State v. Palmer*, 12th Dist. Butler Nos. CA2013-12-243 and CA2014-01-014, 2014-Ohio-5491, ¶ 39.

{¶ 37} Upon reviewing the record, we find no error in the trial court's denial of

appellant's Crim.R. 16 motion. Contrary to appellant's assertion, Corporal Stegall's testimony regarding the videotape was ambiguous. On direct examination, Corporal Stegall testified that the video camera was outside the drunk tank, thus focusing on the area outside the tank. However, when asked on cross-examination whether "there is a camera that shows the inside of the drunk tank," the officer replied, "Yes."

{¶ 38} Even assuming, arguendo, that there was a video camera inside the drunk tank, nothing in the record suggests or indicates that a videotape depicting appellant changing his clothes and the discovery of the baggies exists, or that it would be exculpatory. Moreover, appellant failed to establish that the state's failure to disclose the alleged videotape was willful, and there is no indication that the alleged violation was willful. We therefore find that the trial court did not abuse its discretion in denying appellant's Crim.R. 16 motion.

{¶ 39} Appellant's fourth assignment of error is overruled.

{¶ 40} Assignment of Error No. 5:

{¶ 41} THE TRIAL COURT ERRED IN SENTENCING JOHNSON THEREBY DENYING HIM HIS RIGHTS TO DUE PROCESS AND A FAIR TRIAL UNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION.

{¶ 42} Appellant argues the trial court penalized him for exercising his right to a jury trial when it sentenced him to 30 months in prison. Specifically, appellant asserts that "an improper taint of a trial tax lingers over this case" because the prosecutor's request that appellant be sentenced to a lengthy prison term for pursuing a jury trial was not explicitly rejected by the trial court during its sentencing colloquy. At sentencing, the prosecutor made the following statements:

> [I]llegal conveyance of drugs into the jail, I believe the recent

sentencings in this court have been in the area of 18 months and those were via plea or agreements and jointly recommended pleas. In this case we actually had to go to trial. Mr. Johnson just stated that he didn't have anything on him. He has refused to acknowledge or show any remorse in this matter. So, the state in this case would ask for a term of no less than 24 months.

**{¶ 43}** The prosecutor's statements followed appellant's allocution during which he denied possessing the baggies when he was in the drunk tank and alleged the testimony of the state witnesses was fabricated.

**{¶ 44}** "[A] defendant is guaranteed the right to a trial and should never be punished for exercising that right[.]" *State v. O'Dell*, 45 Ohio St.3d 140, 147 (1989); *State v. Noble*, 12th Dist. Warren No. CA2014-06-080, 2015-Ohio-652, ¶ 11. "[A] sentence vindictively imposed on a defendant for exercising his constitutional right to a jury trial is contrary to law," "regardless of whether the evidence of his guilt is said to be overwhelming." *State v. Rahab*, 150 Ohio St.3d 152, 2017-Ohio-1401, ¶ 8; *Noble* at ¶ 11. Moreover, it is improper for a trial court to create the mere appearance that it has increased a defendant's sentence because the defendant has elected to put the government to its proof. *Noble* at ¶ 12. A court may not make statements from which someone may infer that a defendant may have been punished for pursuing a jury trial. *Id.* The appearance of a trial tax is impermissible as it creates a chilling effect on one's constitutional right to trial. *Id.*

**{¶ 45}** "We review the entire record - the trial court's statements, the evidence adduced at trial, and the information presented during the sentencing hearing - to determine whether there is evidence of actual vindictiveness." *Rahab* at ¶ 19. "We will reverse the sentence only if we clearly and convincingly find the sentence is contrary to law because it was imposed as a result of actual vindictiveness on the part of the trial court." *Id.*

**{¶ 46}** Upon thoroughly reviewing the entire record, we find that the trial court did not impose an increased sentence in retaliation for appellant pursuing a jury trial. In sentencing

appellant to an aggregate sentence of 30 months in prison, the trial court properly considered the principles and purposes of sentencing in R.C. 2929.11 as well as the recidivism and seriousness factors in R.C. 2929.12. In particular, the trial court focused on appellant's "extensive prior criminal history," which included prior prison sentences for heroin trafficking and possession of heroin, cocaine, and criminal tools, his failure to respond favorably to sanctions previously imposed, and his lack of genuine remorse. "Genuine remorse is one factor to be considered by the court when it makes its sentencing decision." *Rahab*, 2017-Ohio-1401 at ¶ 28. Likewise, "[a]cceptance of responsibility is an appropriate sentencing consideration." *Id.* at ¶ 17. Appellant relies solely upon the prosecutor's statements at sentencing, and not that of the trial court, in support of his trial tax argument. However, nothing in the record indicates or suggests that the trial court based its sentence upon appellant's decision to go to trial.

{¶ 47} Appellant's fifth assignment of error is overruled.

{¶ 48} Judgment affirmed.

S. POWELL, P.J. and PIPER, J., concur.

- 13 -