[Cite as *State v. Knight*, 2024-Ohio-4518.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

LAVONTAE KNIGHT,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 22 MA 0102**

---

Motion for Reconsideration

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. Gina DeGenova*, Mahoning County Prosecutor*,* and *Atty. Edward A. Czopur*, Assistant Prosecuting Attorney, Mahoning County Prosecutor's Office, for Plaintiff-Appellee and

*Atty. John B. Juhasz*, for Defendant-Appellant.

Dated: September 11, 2024

**PER CURIAM.**

**{¶1}** Appellee State of Ohio (Appellee) has filed an application for reconsideration pursuant to App.R. 26(A)(1), asking this Court to reconsider its June 6, 2023 Opinion and Judgment Entry reversing Appellant's convictions and remanding his case for a new trial. *State v. Knight*, 2024-Ohio-2176 (7th Dist.) (Waite, J., dissenting). For the following reasons, we deny Appellee's application.

**{¶2}** App.R. 26 provides for the filing of an application for reconsideration, but includes no guidelines to use in determining whether a decision should be reconsidered and changed. *Matthews v. Matthews*, 5 Ohio App.3d 140, 143 (10th Dist.1981). The test generally applied is whether the application calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not at all or was not fully considered by us when it should have been. *Id*. "Mere disagreement with this Court's logic and conclusions does not support an application for reconsideration." *State v. Carosiello*, 2018-Ohio-860, ¶ 12 (7th Dist.). Rather, App.R. 26 provides a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law. *Id.*

**{¶3}** Appellee contends that our Opinion is contrary to law because we found no *Brady* violation by the State in delaying the production of DNA evidence, yet held that the delay contributed to cumulative error. Appellee maintains that we did not suggest the appropriate discovery sanction even though we held that more than a continuance was warranted. Appellee further asserts that any sanction short of dismissal of the case limited the situation to a common discovery violation and thus did not impact the trial, as required in order to contribute to cumulative error. Appellee further asserts that our Opinion is contrary to law because we failed to consider the abuse of discretion standard in reviewing the trial court's denial of a continuance to defense counsel upon discovery of possible juror misconduct.

**{¶4}** Our determinations are not contrary to law and we considered the abuse of discretion standards in our Opinion. We considered the abuse of discretion standard when we addressed Appellant's third assignment of error concerning alleged *Brady*

Case No. 22 MA 0102

violations. *Knight*, 2024-Ohio-2176, ¶ 100. We cited *State v. Darmond*, 2013-Ohio-966, where the Ohio Supreme Court applied the abuse of discretion standard and held that "[s]anctions for a Crim. R. 16 discovery violation are within the discretion of the court." *Knight*, 2024-Ohio-2176, ¶ 100. We also cited *Darmond* and *Lakewood v. Papadelis*, 32 Ohio St.3d 1, *5 (1987), where the Court held that a trial court must consider certain factors and impose the least drastic sanction possible to cure a discovery violation. *Knight*, 2024-Ohio-2176, ¶ 100.

{¶5} We found that while the trial court in the instant case properly held that no *Brady* violation occurred from the State's nearly two-year delay in notifying the defense that Allen May's DNA evidence was found in the car, the court erred by imposing the least restrictive sanction of a continuance of the trial. *Knight*, 2024-Ohio-2176, ¶ 104-105. We explained that more than a continuance was necessary based on the lengthy delay by the prosecution in disclosing the DNA, the questionable tactics used by the same assistant prosecutor in this case and in another of Appellant's cases, and the leniency of the trial court in that other case for similar discovery violations. *Id.*

{¶6} Appellee contends that we should have suggested the discovery sanction that the trial court should impose. However, in *Darmond*, the Ohio Supreme Court indicated that it was "not mandating a specific procedural course of conduct" for the trial court to take as a discovery sanction. *Darmond*, 2013-Ohio-966, ¶ 41. The Court held that while discovery violations by the state can result in the dismissal of a case, the trial court must first consider factors in determining that a lesser sanction would not be consistent with the purposes of the criminal discovery rules. *Id.* Thus, the Court left it to the discretion of the trial court to determine the sanction.

{¶7} Just as in *Darmond*, we did not suggest a discovery sanction or order the trial court to impose a certain sanction for the State's discovery violation. *Knight*, 2024-Ohio-2176. Rather, we cited *Darmond* and held that sanctions for discovery violations are within the trial court's discretion. *Id.* at ¶ 100. We further cited *Darmond* and *Lakewood v. Papadelis*, 32 Ohio St.3d 1, *5 (1987) and held that trial courts must consider certain factors in determining sanctions and courts must impose the least restrictive sanction possible to cure the violation. *Id.* at ¶100-101. We found that a more restrictive discovery sanction was necessary in the instant case based on the State's lengthy delay

in disclosing the DNA evidence, the assistant prosecutor's similar behavior in another of Appellant's cases, and the trial court's prior leniency for that similar behavior. *Id.* at ¶ 101.

{¶8} Appellee further contends that we did not apply the abuse of discretion standard when analyzing the trial court's decision to deny a continuance of the *Remmer* hearing to defense counsel. However, we cited cases considering and applying the abuse of discretion standard in conjunction with a motion for new trial and removing a juror in cases involving outside influences. *Knight,* 2024-Ohio-2176, ¶ 62. We held that the trial court did not abuse its discretion by denying a motion for new trial on the basis of juror misconduct or by denying counsel's request for a continuance before immediately proceeding to voir dire in the *Remmer* hearing. *Id.* at ¶ 86.

{¶9} Finally, Appellee asserts that the harmless errors we identified did not impact Appellant's trial so as to be deemed cumulative and warranting a conviction reversal. This Court has already addressed this issue when we discussed the errors constituting cumulative error. Therefore, Appellee has not called to our attention an obvious error or an issue that we did not fully consider when it should have been.

{¶10} For these reasons, Appellee's application for reconsideration is denied as no obvious error exists in our Opinion and we fully considered all issues raised.

**JUDGE MARK A. HANNI**

**JUDGE CHERYL L. WAITE**

**JUDGE CAROL ANN ROBB**

**<u>NOTICE TO COUNSEL</u>**

**This document constitutes a final judgment entry.**

<u>Case No. 22 MA 0102</u>